UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JESUS CARMONA,

Petitioner,

v.

STATE OF MINNESOTA, and
Sheriff DICK ROSS,

Respondents.

Civil File No. 01-774 (MJD/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge for consideration of Petitioner's self-styled application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that this action be DISMISSED without prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is an inmate at the Allen Correctional Center, (hereafter "ACC"), in Kinder, Louisiana. He alleges that he recently was "illegally extradited" from Minnesota to Louisiana. The respondents named in his current petition are the State of Minnesota

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. See Rule 1(b).

FILED MAY 11 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

and Dick Ross, the sheriff of Crow Wing County, Minnesota -- the county where Petitioner was apprehended and detained before he was extradited to Louisiana. Petitioner apparently is asking this Court to grant him a writ of habeas corpus that would somehow set aside his extradition, and cause him to be immediately released from custody. The Court finds, however, that Petitioner's request for habeas corpus relief cannot be entertained in this District.

## II. DISCUSSION

It is well-settled in this Circuit that "[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court." U.S. v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977). See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir. 1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976). It is also well-settled that, for habeas corpus purposes, the term "custodian" normally means the official in charge of the facility where the petitioner is detained -- i.e., the prison warden. McCoy, 537 U.S. at 964 ("[t]he custodian is, in most circumstances, the warden [or] chief administrative official of the correctional institution in which the petitioner is incarcerated").

In this case, it is clear that Petitioner is currently in the custody of the Warden at ACC. Because the ACC Warden is Petitioner's "custodian" for habeas purposes, he or she is the proper respondent in this action. For purposes of determining whether jurisdiction exists in this case, neither Respondent State of Minnesota, nor Respondent Sheriff Dick Ross, can properly be considered to be Petitioner's "custodian." Again,

Petitioner's custodian for habeas corpus purposes, and the only proper respondent for purposes of this action, is the Warden at ACC.

If the Warden at ACC were located within this state, so that personal jurisdiction could be exercised over him or her in this District, perhaps there could be a simple substitution of parties, so that the Warden at ACC would become the named Respondent. However, the Warden at ACC obviously is not located in this District. He or she presumably is located in Kinder, Louisiana, which is in the Western District of Louisiana. Because the Warden at ACC is not located here, he or she is not subject to personal jurisdiction in this District. Therefore, if Petitioner's true custodian for habeas corpus purposes, (i.e., the Warden at ACC), became the named Respondent, the instant petition could not be entertained here.

Because the party who should be the Respondent in this habeas corpus action is not amenable to personal jurisdiction in this District, the present petition simply cannot be entertained here. The Court has considered whether it would be appropriate to transfer this action to the district court for the district in which Petitioner is currently confined, pursuant to 28 U.S.C. § 1631.[2] That course will not be recommended here, however,

---

[2] 28 U.S.C. § 1631 provides that:

"Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

because the Court does not find that a transfer is necessary to serve interests of justice. Instead, the Court finds that it would be more appropriate to simply dismiss this action for lack of jurisdiction. It will be recommended, however, that the action be dismissed without prejudice, so that Petitioner will be able to file a new habeas corpus petition that names the proper party as respondent, (namely the Warden at ACC), and is filed in the proper district, (namely the district where he is presently confined).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 be summarily dismissed without prejudice.

DATED: May 10, 2001

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.